# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRANCISCO SANTANA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:14CV90 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed.

## Procedural Background

In United States v. Santana, 4:90CR30 JCH (E.D. Mo.), a jury found petitioner guilty of drug conspiracy and a related charge. This Court sentenced petitioner to a total term of 600 months' imprisonment. The conviction was affirmed on direct appeal. See United States v. Ortiz-Martinez, 1 F.3d 662 (8th Cir. 1993). Petitioner subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 asserting several claims. Santana v. United States, 4:97CV1456 JCH

(E.D. Mo.). This Court denied the motion, but granted petitioner a certificate of appealability. Id. The United States Court of Appeals for the Eighth Circuit affirmed. Santana v. United States, 1 Fed. Appx. 605 (8th Cir. 2001). Petitioner states that he subsequently filed a motion in the United States Court of Appeals for the Eighth Circuit for permission to file a successive habeas petition, which was denied.

In 2010, movant petitioned the Court for a writ of audita querela, arguing that the United States Supreme Court's decision in United States v. Gonzalez-Lopez, 548 U.S. 140 (2006), created a change in the law regarding ineffective assistance of counsel that should be retroactively applied to his conviction. The Court denied movant's application for writ of audita querela, finding that a post-judgment change in the law could not form the basis for relief. See Santana v. United States, 4:10CV939 JCH, (E.D. Mo.). The Eighth Circuit Court of Appeals affirmed the denial of the writ. Santana v. United States, No. 10-2417 (8th Cir. 2010).

On January 30, 2013, movant filed yet another motion to vacate before this Court, pursuant to 28 U.S.C. § 2255. The Court dismissed the motion as successive on February 1, 2013. See Santana v. United States, 4:13CV200 JCH (E.D. Mo.).

**Discussion**

In the instant motion to vacate, movant again appears to be seeking to file a successive motion to vacate pursuant to 28 U.S.C. § 2255(h)(2), which authorizes the filing of a success claim involving "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Similar to his prior motion to vacate filed in 2013, movant argues that there was a change in the law that should be retroactively applied to his conviction. As movant is aware, the District Court has no jurisdiction to review applications for second or successive motions to vacate, pursuant to 28 U.S.C. § 2244(b)(3)(A).

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief.

Nonetheless, movant asserts that the gatekeeping provision of 28 U.S.C. § 2244(b)(3) is not applicable here because the claim being raised was not reasonably available during [his] initial habeas petition. As further explanation for his argument, movant asserts that his claim arises from the U.S. Supreme Court's holding in Alleyne

v. United States, 133 S.Ct. 2151 (2013), and thus should be timely under 28 U.S.C. § 2255(f)(3).

In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. The Court resolved Alleyne on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack.

Alleyne enunciates a rule of constitutional law and "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." Griffith v. Kentucky, 479 U.S. 314, 328 (1987) (emphasis added). Generally, however, new constitutional rules are not applied to cases on collateral review, such as this one. Teague v. Lane, 489 U.S. 288, 303 (1989).

"Two exceptions to the Teague rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and

accuracy of the criminal proceeding." In re Carl Green, 144 F.3d 384, 386 (6th Cir.1998), citing Caspari v. Bohlen, 510 U.S. 383, 396 (1994).[1]

This Court finds that Alleyne does not fall within either of the exceptions to the non-retroactivity rule, and declines to apply Alleyne in this § 2255 proceeding.

As such, even if this Court could authorize a second or successive motion pursuant to § 2255(h)(2), there does not appear to be a basis for doing so. But of course, as noted above, that decision must be up to the Eighth Circuit Court of Appeals. As the instant motion before the Court is a second or successive motion within the meaning of § 2244, the motion must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** as successive.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of February , 2014.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[1] Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Justices of the Supreme Court have decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348 (2004).